Green v. Concord Police                 CV-00-344-M   11/01/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Debra J. Green,
      Plaintiff

      v.                                Civil No. 00-344-M
                                        Opinion No. 2000 DNH 236
Concord Police Department and
Merrimack County House of Corrections,
      Defendants


                          **O R D E R**


      Pro se plaintiff, Debra Green, brings this action against

the Concord Police Department ("CPD") and the Merrimack County

House of Corrections ("House of Corrections"), seeking damages

for alleged violations of her constitutionally protected rights.

See 42 U.S.C. § 1983.  Although it is difficult to say with any

precision exactly what plaintiff claims, it appears she alleges

that various employees of Merrimack County and the Concord Police

Department violated her constitutionally protected rights under

the Fourth, Fifth, and Fourteenth Amendments.  Plaintiff has not,

however, named any individual defendants; her complaint

identifies only the municipal entities as defendants.

The CPD moves to dismiss plaintiff's complaint, saying that it is not a separate entity from the City of Concord and, therefore, "does not have the capacity to be sued."  CPD motion to dismiss (document no. 3), at 2.  Plaintiff has not objected to CPD's motion.

## Background

In July of 2000, plaintiff served the House of Corrections and the CPD with a state court writ of summons (analogous to a federal complaint), alleging that defendants violated many of her constitutionally protected rights.  The CPD (with the assent of the House of Corrections) removed the state court action to this forum.

Plaintiff's lengthy, handwritten complaint details a series of events surrounding her arrest by Officers of the Concord Police Department and her brief subsequent detention at the House of Corrections.  In it, plaintiff identifies 19 claims against defendants, including "violation of disability rights," "unjust cruelty," "sexual discrimination (degraded)," "unneeded excessive

force," "child endangerment," "personal endangerment," and "denial of medical treatment." See generally Complaint (document no. 2). In August of 2000, the House of Corrections moved the court to order plaintiff to file a more definite statement, describing with greater specificity the nature of her claims and the underlying factual allegations supporting those claims. See Fed. R. Civ. P. 12(e). By order dated September 15, 2000, the court (Muirhead, M.J.) granted the House of Corrections' motion and, pursuant to Rule 12(e), plaintiff was afforded 10 days within which to submit a more definite statement. More than six weeks have passed since that order was entered and, to date, plaintiff has neither filed a more definite statement nor has she moved to amend her complaint.

## Discussion

If the allegations set forth in plaintiff's complaint are credited as true (as they must be at this stage), the conduct of various employees of the defendants might easily be described as callous and unprofessional. However, plaintiff's complaint suffers from several legal deficiencies that must be addressed

3

before she may pursue her claims in this forum. Because plaintiff has no formal legal training, it is not surprising that her complaint fails to state any viable claims against the named defendants. Nevertheless, while her pro se status entitles her to some measure of deference, she must, as an initial matter, file (and serve upon the appropriate defendants) a complaint that sets forth viable, cognizable legal claims.

As to the CPD, plaintiff's claims are actually against the City of Concord. Accordingly, if plaintiff should elect to pursue those claims, the City must be named as a defendant and served with a copy of an amended complaint. And, because municipal entities cannot be liable under § 1983 on a theory of respondeat superior, if plaintiff intends to pursue claims against only the City and Merrimack County (rather than individual employees of those entities), her complaint must, at a minimum, allege that her constitutional deprivations were the product of a municipal custom or policy. See, e.g., Dwares v. City of New York, 985 F.2d 94, 100-01 (2d Cir. 1993). See also Follkie v. City of Chicago, 1997 WL 527304 at *2 (N.D. Ill.

4

August 9, 1997) ("[T]he actions of municipal employees do not automatically create municipal liability; only where a city employee's deprivation of an individual's constitutional rights is caused by a municipal custom or policy can a municipality be held liable."); Clark v. City of Portland, 1998 WL 539522 at *1 (9th Cir. August 24, 1998) ("To state a claim against a municipal entity under section 1983, a plaintiff must allege that the constitutional violations are the result of an official policy or practice."). See generally Monell v. Dept. of Social Serv., 436 U.S. 658 (1978). Accordingly, this court (Barbadoro, C.J.) has held:

> [I]n order to state a § 1983 claim against a municipality or a municipal subdivision, a plaintiff must allege that: (1) a municipal policy maker intentionally adopted a policy, implemented a training protocol, or allowed a custom to develop; (2) the challenged policy, training protocol or custom caused a violation of the plaintiff's constitutional rights; and (3) the policy maker acted either with deliberate indifference or willful blindness to the strong likelihood that unconstitutional conduct will result from the implementation of the policy, training protocol or custom. Canton v. Harris, 489 U.S. 378, 385 (1989); Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 582 (1st Cir.1994); Manarite v. Springfield, 957 F.2d 953, 958 (1st Cir.1992). The deliberate indifference component of this test can be satisfied through allegations that the policy maker either knew

5

or should have known of the serious risk that the
challenged policy, custom or training protocol would
result in unconstitutional conduct. <u>Canton</u>, 489 U.S.
at 389-90; <u>Maldonado-Denis</u>, 23 F.3rd at 582; <u>Farmer v.
Brennan</u>, 114 S.Ct. 1970, 1981 (1994) (comparing
subjective deliberate indifference test under Eighth
Amendment with the objective test of deliberate
indifference governing municipal liability claims).

<u>Millard v. Town of Wolfeboro</u>, No. 94-38-B, 1994 WL 461700 at *3

(D.N.H. Aug. 18, 1994).


**Conclusion**

Plaintiff's complaint fails to state viable claims against

either of the named defendants.  Accordingly, the CPD's motion to

dismiss (document no. 3) is granted.  And, as to the House of

Corrections, plaintiff's complaint is dismissed for having failed

to comply with the court's order to file a more definite

statement.  Given plaintiff's pro se status, however, the

dismissal of her complaint is <u>without</u> <u>prejudice</u>.  If she can do

so consistently with the requirements of Fed. R. Civ. P. 11,

plaintiff may file a proper complaint - one that pleads necessary

elements and supporting facts - and she may seek leave to do so

by reopening this matter.  However, her motion for leave to

6

reopen and file a proper complaint (the proposed complaint must be attached to the motion) must be filed on or before November 30, 2000.  In the meantime, this case is closed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 1, 2000

cc:   Debra J. Green
      R. Matthew Cairns, Esq.
      John A. Curran, Esq.